UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| JAMES O. STOLA, | ) | Case No. 23- 15532 |
| | ) | |
| Debtor. | ) | |
| | ) | |

### PETITION FOR RELIEF FROM AUTOMATIC STAY

NOW COMES the Petitioner, IVAN KOCIC, by and through his attorneys, GOLDSTEIN, FLUXGOLD & BARON, P.C., and pursuant to 11 U.S.C. Section 362, requests this Honorable Court to modify and lift the Automatic Stay of Proceedings in this matter as to the Petitioner, IVAN KOCIC, in order to proceed with a legal malpractice lawsuit against Debtor, JAMES O. STOLA, currently pending in the Circuit Court of Cook County, Illinois. In support of said motion, the Petitioner, IVAN KOCIC, states as follows:

1. Petitioner, IVAN KOCIC, is seeking relief from the automatic stay, if any, placed on his legal malpractice action against Debtor, JAMES O. STOLA, individually and as agent, servant and/or employee of the Law Office of James O. Stola. Creditors may request that the Court modify the automatic stay in accordance with 11 U.S.C. Section 362. 11 U.S.C Section 362(d) states in pertinent part: "On request of a party in interest and after notice and hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause, including the lack of adequate protection of an interest in property of such party in interest…" There is no definition of cause for this section of the Bankruptcy Code. In re Betzold, 316 B.R. 906, 914 (Bankr. N.D.Ill. 2004).

2. The United States Bankruptcy Court for the Northern District of Illinois Eastern

1

Division has stated that, "The determination whether cause exists to lift the stay is a fact-intensive inquiry made on a case-by-case basis." In re Betzold, 316 B.R. 906, 914 (Bankr. N.D.Ill. 2004).

3. A three-prong analysis is used by the Bankruptcy Courts to decide whether to lift an automatic stay. "The first prong assesses whether any "great prejudice to either the bankrupt estate or the debtor will result from the continuation of a civil suit." Id. The second prong is to determine whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor. The third prong requires the Court to examine whether the creditor has a probability of success on the merits of his case." In re Martha Washington Hospital, 157 B.R. 392, 395 (N.D.Ill. 1993).

4. Petitioner, IVAN KOCIC, has cause for the Court to modify and lift the automatic stay placed on his legal malpractice cause of action against Debtor, JAMES O. STOLA.

5. The instant matter is the third (3rd) bankruptcy filing (see Case No. 18-10776 and Case No. 21-13994) filed by the Debtor, STOLA, during the pendency of Petitioner's Legal Malpractice Action described below filed in the Circuit Court of Cook County, Court No. 2016-M1-300208. The stay in the 2018 (1st) Bankruptcy filing was lifted after the 1st bankruptcy case was dismissed for debtor's failure to make payments. Debtor's 2021 (2nd) bankruptcy filing was similarly dismissed for failure to make payments.

6. However, prior to the dismissal of the 2021 bankruptcy matter, Petitioner sought and was granted relief from the automatic stay, cause having been shown, by the Honorable Jacqueline Cox. (See April 25, 2022 Order in the 2021 Bankruptcy matter, Document No. 57, attached hereto as Exhibit "1"). Of note, during the hearing on Petitioner's Petition for Relief from stay in the 2021 proceeding, the Judge Cox questioned debtor whether Debtor would agree to lift the stay so that a Judgment on any prior settlement of the claim of Petitioner, KOCIC, could be entered and secured.

Debtor declined and/or denied any prior settlement/claim resolution still existed. Accordingly, Judge Cox entered the attached order lifting the stay from the 2021 bankruptcy proceeding.

7. Similar to the 2021 bankruptcy filing and for reasons listed below, Petitioner, IVAN KOCIC, continues to have cause for the Court to modify and lift the automatic stay placed on his legal malpractice cause of action against Debtor, JAMES O. STOLA.

8. The first prong asks whether there is great prejudice to either the debtor or bankruptcy estate. The answer to this question in this case has been and is still no.

9. On or about January 28, 2014, Petitioner, IVAN KOCIC, was involved in a motor vehicle accident.

10. On or about March 27, 2014, Petitioner, IVAN KOCIC, entered into a written contractual attorney-client agreement with Debtor, JAMES O. STOLA, individually and as agent, servant and/or employee of the Law Office of James O. Stola, regarding the January 28, 2014 motor vehicle accident.

11. On or about February 2, 2016, Debtor, JAMES O. STOLA, individually and as agent, servant and/or employee of the Law Office of James O. Stola, filed with the Clerk of the Circuit Court of Cook County, Illinois, <u>IVAN KOCIC v. CATHERINE CUPP</u>, Circuit Court of Cook County, Court No. 2016-M1-300208, regarding the motor vehicle accident that occurred on January 28, 2014. (See Petitioner, IVAN KOCIC's, Complaint at Law (<u>IVAN KOCIC v. CATHERINE CUPP</u>, Circuit Court of Cook County, Court No. 2016-M1-300208) filed on February 2, 2016 in the Circuit Court of Cook County, Illinois, attached hereto as <u>Exhibit "2"</u>).

12. On or about October 25, 2016, Judge Sheryl A. Pethers dismissed <u>IVAN KOCIC v. CATHERINE CUPP</u>, Circuit Court of Cook County, Court No. 2016-M1-3002088, with prejudice for failure to timely file the lawsuit. (See October 25, 2016 Order, attached hereto as <u>Exhibit "3"</u>).

3

13. On or about February 28, 2017, Judge Patricia O'Brien Sheahan denied Petitioner, IVAN KOCIC's, Motion to Reconsider the dismissal order entered on October 25, 2016. (See February 28, 2017 Order, attached hereto as <u>Exhibit "4"</u>).

14. On or about March 7, 2017, Debtor, JAMES O. STOLA, individually and as agent, servant and/or employee of the Law Office of James O. Stola, advised Petitioner, IVAN KOCIC, that Debtor, JAMES O. STOLA, failed to file <u>IVAN KOCIC v. CATHERINE CUPP</u>, within the applicable Statute of Limitations.

15. Petitioner, IVAN KOCIC, hired Goldstein, Fluxgold & Baron, P.C., to represent him in a legal malpractice claim against Debtor, JAMES O. STOLA, individually and as agent, servant and/or employee of the Law Office of James O. Stola.

16. On January 11, 2018, Petitioner, IVAN KOCIC, filed with the Clerk of the Circuit Court of Cook County, Illinois, <u>IVAN KOCIC v. JAMES STOLA, et. al.</u>, Circuit Court of Cook County, Court No. 2018 L 000410, which is a legal malpractice lawsuit against Debtor, JAMES O. STOLA, individually and as agent, servant and/or employee of the Law Office of James O. Stola. (See Petitioner, IVAN KOCIC's, Complaint at Law (<u>IVAN KOCIC v. JAMES STOLA, et. al.</u>, Circuit Court of Cook County, Court No. 2018 L 000410) filed on January 11, 2018 in the Circuit Court of Cook County, Illinois, attached hereto as <u>Exhibit "5"</u>).

17. Debtor, JAMES O. STOLA, individually and as agent, servant and/or employee of the Law Office of James O. Stola, did not and does not have legal malpractice insurance for Petitioner, IVAN KOCIC's, legal malpractice claim.

18. On or about April 13, 2018, Debtor, JAMES O. STOLA, filed a Chapter 13 Bankruptcy Case in the United States Bankruptcy Court – Northern District of Illinois, and his case was assigned case number 18-10776. (See Notice of Chapter 13 Bankruptcy Case, attached hereto

as Exhibit "6").

19. As a result of Debtor, JAMES O. STOLA's, Bankruptcy Case, an automatic stay was placed on all other proceedings, including Petitioner, IVAN KOCIC's, legal malpractice lawsuit, while the Bankruptcy matter was pending.

20. The claim of Petitioner, IVAN KOCIC, was not discharged in the Bankruptcy Court. A payment plan was entered. (See Official Form 113 Chapter 13 Plan, attached hereto as Exhibit "7") Petitioner, IVAN KOCIC's, claims were part of the unsecured claims scheduled to be paid/addressed in full at the end of the scheduled payment plan. However, said payment plan never reached the stage of paying/addressing the Petitioner, IVAN KOCIC's, claims as Debtor, JAMES O. STOLA, failed to make payments in accordance with the plan.

21. On June 3, 2021, Petitioner, IVAN KOCIC, was notified that an Order dismissing the Bankruptcy Case was entered on June 2, 2021 by the United States Bankruptcy Court – Northern District of Illinois, for failure of Debtor, JAMES O. STOLA, to make plan payments. (See Notice of Dismissal, attached hereto as Exhibit "8"). The Bankruptcy dismissal was not a discharge of creditors' claims and did not discharge Petitioner, IVAN KOCIC's, claims against Debtor, JAMES O. STOLA, in the legal malpractice lawsuit.

22. On July 7, 2021, the legal malpractice lawsuit was removed from the Bankruptcy stay calendar and reinstated. (See July 7, 2021 Order, attached hereto as Exhibit "9").

23. On August 18, 2021, a Discovery Closure and Arbitration Order was entered in the legal malpractice lawsuit that all discovery be completed by December 3, 2021. (See August 18, 2021 Order, attached hereto as Exhibit "10")

24. On December 10, 2021, an Order was entered in the legal malpractice lawsuit barring Debtor, JAMES O. STOLA, from testifying at time of trial or arbitration for failure of

Debtor, JAMES O. STOLA, to comply with the August 18, 2021 Order. (See December 10, 2021 Order, attached hereto as Exhibit "11")

25. Petitioner, IVAN KOCIC, was notified that on or about December 9, 2021, Debtor, JAMES O. STOLA, again filed a Chapter 13 Bankruptcy Case in the United States Bankruptcy Court – Northern District of Illinois, and his case was assigned case number 21-13994. (See Debtor, JAMES O. STOLA's, Declaration in Support of Section 326(c)(3) Motion to Extend Automatic Stay, attached hereto as Exhibit "12").

26. Upon information and belief, in Debtor, JAMES O. STOLA's, 21-13994 Bankruptcy Case, Debtor, JAMES O. STOLA, claimed several additional debts which were not claimed in his 18-10776 Bankruptcy Case.

27. As aforesaid, Judge Jacqueline Cox entered the attached order (Exhibit "1") lifting the stay from the 2021 bankruptcy proceeding. As a result of the stay being lifted, the legal malpractice action was able to proceed and there is a currently scheduled (via court order) mandatory arbitration date of January 17, 2024. Additionally, after a November 9, 2023 hearing attended by Debtor's counsel, Mr. Greco, Debtor/Defendant was ordered by the Court to amend his response to certain discovery/requests to admit regarding underlying medical bills of the Mr. Kocic. (See November 17, 2023 Compel Order, attached hereto as Exhibit "13").

28. As a result of Debtor, JAMES O. STOLA's, new Bankruptcy Case, an automatic stay may be placed on all other proceedings, including Petitioner, IVAN KOCIC's, legal malpractice lawsuit, while the now third (2023) Bankruptcy matter is pending.

29. Allowing Petitioner, IVAN KOCIC, to proceed with his legal malpractice case will not be of **great** prejudice to either the Debtor or the bankruptcy estate. There would be limited expense and costs to the Debtor and the bankruptcy estate as Debtor, JAMES O. STOLA,

individually and as agent, servant and/or employee of the Law Office of James O. Stola, is representing himself in Petitioner, IVAN KOCIC's, legal malpractice action. (See Debtor, JAMES O. STOLA's, appearance in Kocic v. Stola, et. al., attached hereto as Exhibit "14"). No other attorney appearances have been filed on Mr. Koci's behalf. There is nothing to suggest that this will be an expensive litigation for the Debtor or the bankruptcy estate. It must also be noted that the parties were engaged in settlement discussions prior to the Debtor filing for bankruptcy in April 2018. If any settlement agreement is reached in the legal malpractice lawsuit, it would still need to be approved by the Bankruptcy Court.

30. As to the second prong, the hardship to Petitioner, IVAN KOCIC, considerably outweighs the hardship to Debtor, JAMES O. STOLA, as Petitioner, IVAN KOCIC, had liens asserted by certain medical providers for treatment he received as a result of the underlying motor vehicle accident. Upon information and belief, Petitioner, IVAN KOCIC, had $12,547.00 in medical liens asserted against his underlying motor vehicle accident case. Petitioner, IVAN KOCIC, is responsible for paying the medical bills/liens asserted by his medical providers in the underlying motor vehicle accident. The hardship weighs considerably in favor of the Petitioner, IVAN KOCIC, because at any time the medical providers may seek to collect said money from him.

31. Moreover, Petitioner, IVAN KOCIC's, underlying motor vehicle accident occurred almost (10) years ago, in January 2014. Due to the undisputed negligence and failure of Debtor, JAMES O. STOLA, individually and as agent, servant and/or employee of the Law Office of James O. Stola, as well as his now repeated Bankruptcy filings, Petitioner, IVAN KOCIC, has been denied resolution and compensation for his claims for almost a decade.

32. Moreover, there is now a pattern of Debtor, STOLA, filing bankruptcy pleadings to avoid compliance with Cook County orders. At the time Debtor, JAMES O. STOLA, filed his

second Bankruptcy action with several additional claims, Debtor, JAMES O. STOLA, had just been barred from Discovery in the legal malpractice action for failure to comply with Court discovery orders. As stated above, Debtor's current third bankruptcy was filed immediately after and/or shortly after a compelling order was entered against debtor.  To date, Debtor has not complied with the November 17, 2023 order.  Debtor, JAMES O. STOLA's, Bankruptcy filing is, in effect, an attempt to evade compliance with Cook County Court orders. Moreover, resetting the arbitration date with the Cook County arbitration date may result in significant rescheduling delays.  If the automatic stay is not lifted to pursue resolution in the Law Division legal malpractice matter, Petitioner, IVAN KOCIC, may have to wait an even greater period of time to receive any type of compensation for his injuries.

33.     As to the third prong, Petitioner, IVAN KOCIC, has an extremely high probability of success in his legal malpractice action against Debtor, JAMES O. STOLA, individually and as agent, servant and/or employee of the Law Office of James O. Stola.  In the underlying motor vehicle accident, the defendant, Catherine Cupp, was cited for a number of infractions, including failing to yield turning left.  On or about March 7, 2017, Debtor, JAMES O. STOLA, individually and as agent, servant and/or employee of the Law Office of James O. Stola, provided Petitioner, IVAN KOCIC, with correspondence admitting that Debtor, JAMES O. STOLA, individually and as agent, servant and/or employee of the Law Office of James O. Stola, failed to file Petitioner, IVAN KOCIC's, motor vehicle lawsuit "within the applicable Statute of Limitations." (See Debtor, JAMES O. STOLA's, correspondence, attached hereto as Exhibit "15") This is a written admission by a party opponent.

34.     Debtor, JAMES O. STOLA, is an attorney authorized by the Supreme Court of Illinois to practice law in the State of Illinois.  Debtor, JAMES O. STOLA, individually and as

agent, servant and/or employee of the Law Office of James O. Stola, made the decision to practice law without obtaining insurance coverage. There is no insurance coverage for Petitioner, IVAN KOCIC, to seek in this case. Debtor, JAMES O. STOLA, individually and as agent, servant and/or employee of the Law Office of James O. Stola, seeks to protect himself from Petitioner, IVAN KOCIC's, legal malpractice lawsuit even though Debtor, JAMES O. STOLA, individually and as agent, servant and/or employee of the Law Office of James O. Stola, admitted committing an error.

35. Petitioner, IVAN KOCIC, has established cause to modify and lift the automatic stay to proceed with his legal malpractice lawsuit against Debtor, JAMES O. STOLA.

36. Petitioner, IVAN KOCIC, is entitled to have his legal malpractice lawsuit heard without further delay.

37. Petitioner, IVAN KOCIC, requests this Court to modify and lift the automatic stay in order to proceed with the legal malpractice lawsuit against Debtor, JAMES O. STOLA, including but not limited to trial and mandatory arbitration, as well as settlement negotiations.

WHEREFORE, the Petitioner, IVAN KOCIC, respectfully requests this Honorable Court to modify and lift the automatic stay of proceedings and allow the Petitioner, IVAN KOCIC, to proceed with <u>KOCIC v. JAMES STOLA, et. al.</u>, Circuit Court of Cook County, Court No. 2018 L 000410, which is against the Debtor, JAMES O. STOLA; and for any additional relief deemed just by the Court.

GOLDSTEIN, FLUXGOLD & BARON, P.C.

By: /s/ Lorenzo Valladolid
    Attorney for IVAN KOCIC

GOLDSTEIN, FLUXGOLD & BARON, P.C.
33 N. Dearborn St., Suite 950
Chicago, IL 60602
(312)726-7772
gfblaw@gfblaw.net